UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROSAURA CEPEDA VASQUEZ, ET AL
    Plaintiffs

vs.

PETE DELGADILLO, ET AL
    Defendant

Civil Action No.

B – 20 – 18

## PLAINTIFFS' THIRD AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Rosaura Vasquez, Individually and as next friend of, Marc Anthony Vasquez, Janie Vasquez Quiroz, Individually, and as Administrator of the Estate of Rafael Vasquez, Sr. and Rafael Vasquez, Jr., hereinafter "Plaintiffs, and file this their Plaintiffs' Third Amended Complaint complaining of Pete Delgadillo, individually, Jesse Estrada, individually, Robert Lopez, individually, and Rene Camacho, individually,. hereinafter, "Defendants" and for cause of action would respectfully show as follows:

### I.    DISCOVERY CONTROL PLAN

    Pursuant to the Texas Rules of Civil Procedure, Plaintiffs move the Court for a level 3 Discovery Control Plan.

### II.    PARTIES AND SERVICE

    Plaintiffs are Texas residents.

    Defendant, Pete Delgadillo, individually, has been served with citation at at 505 Highway 100, Port Isabel, Texas 78578.

    Defendant, Jesse Estrada, is a Texas resident.

    Jesse Estrada is a deputy constable for the Cameron County Constable's Office, Precinct 1 and can be served with citation at his office located at 505 Highway 100, Port Isabel, Texas 78578.

The unknown deputy constable is an employee of the office of Cameron County Constable's Office, Precinct 1, and once identified may be served, at 505 Highway 100, Port Isabel, Texas 78578.

Defendant, Robert Lopez, individually is a Texas resident.

Defendant, Robert Lopez, is the Police Chief for the City of Port Isabel is an employee of the City of Port Isabel, Texas and can be served with citation at the Port Isabel Police Department, 110 West Hickman Avenue, Port Isabel, Texas 78578.

Defendant, Rene Camacho, individually is a Texas resident.

Defendant, Rene Camacho, is a police officer and is an employee of City of Port Isabel Police Department and can be served with citation at the Port Isabel Police Department, 110 West Hickman Avenue, Port Isabel, Texas 78578.

Defendant, Jose Reyes Rodriguez, individually is a Texas resident.

Defendant, Jose Reyes Rodriguez, can be served with citation at the Port Isabel Department, 110 West Hickman, Port Isabel, Texas 76578.

All of the above named Defendants, are each being sued in their individual capacity.

### III.   VENUE AND JURISDICTION

Venue is proper in Cameron County, Texas under the Texas Civil Practice and Remedies Code Section 15.002(a)(1)-(3) because all or a substantial part of the events or omissions giving rise to the claim made the basis of this suit occurred in Cameron County, Texas and because Defendants are residents of Cameron County, Texas.

Although this case has been removed to United District Court for the Southern District of Texas, Brownsville Division, upon motion of Defendants Pete Delgadillo and Jesse Estrada, venue is proper in this district because a substantial part of the events giving rise to the claim occurred within the boundaries of this district.

The Court has personal jurisdiction over all parties, who are Texas residents and subject matter jurisdiction because Plaintiffs' damages exceed the minimal jurisdictional limits of the Court.

Although this case has been moved to United District Court for the Southern District of Texas, Brownsville Division, by Defendants Pete Delgadillo and Jesse Estrada jurisdiction is proper pursuant to Title 28 U.S.C. Sec. 1331 in that the controversy arises under the United States Constitution and under 42 U.S. C. Section 1983.

Furthermore, the amount in controversy exceeds $75,000.00 excluding interests and costs.

Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. Section 1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threat of acts) alleged herein were done by Defendants, under the color and pretenses of the statutes, ordinances, regulations, customs and usages of the City of Port Isabel, Texas and Cameron County, Texas.

### IV.   PRELIMINARY STATEMENT

This lawsuit is brought under the Texas Wrongful Death Statue, Texas Civil Practice and Remedies Code, Chapter 71, The Texas Damages Act, The Open Courts and Due Course of Law provisions found in Article 1, Section 13 of The Open Courts and Due Course of Law provisions found in Article 1, Section 13 of the Texas Constitution and the Due Process Clauses found in the Fifth and Fourteenth Amendments of the United States Constitution.

This lawsuit also being brought under the Fourth Amendment of the United States Constitution and Title 42 U.S.C. Section 1983 which holds that "Every person who under the color of any statute" who causes a "deprivation of rights" guaranteed by the Constitution and laws "shall be liable to the party injured."

This is an individual capacity damages action against defendants/officials personally, so that, if the suit is successful, the defendants/officials will be liable for damages personally. Plaintiffs are not pursuing an official capacity damages action against defendants.

### V.   QUALIFIED IMMUNITY DOES NOT APPLY

The defense doctrine of qualified immunity as set out in in *Saucier v. Katz, 533 U.S. 194*

(2001) and *Pearson v. Callahan, 555 U.S. 223 (2009)*   does not apply to the facts presented in this case.

## VI.    FACTUAL BACKGROUND

On or about December 7, 2017 at about 10:00 p.m. Mr. Vasquez, his wife and their son, Marc, who live at 106 Adams Avenue in Laguna Heights, Texas were leaving their residence in their vehicle, to get Marc a hamburger at the Whataburger located in Port Isabel. As they were leaving their residence, they noticed a young man (hereinafter "suspect") fleeing from a Cameron County, Precinct 1 deputy constable (hereinafter "first deputy constable"). The "suspect" who was running in the direction of the Vasquez family, had just exited the Laguna Market convenience store and was fleeing from the "first deputy constable".  The Laguna Market convenience store is located at the corner of Highway 100 and Adams Avenue in Laguna Heights, Texas.  When both Mr. and Mrs. Vasquez see the suspect running in their direction, they exit their vehicle to help the "first deputy constable" catch the "suspect". It is Mrs. Vasquez who first catches the "suspect" and is able to detain him momentarily before the "suspect" is able to escape her grip and continue to run in a southerly direction from the store. Thereafter, the "first deputy constable" who was also chasing the suspect was able to catch the "suspect" in front of a house that is   located about 5 (five) houses down from the convenience store on Adams Avenue.  The "suspect", as he was running, slipped and fell due to  wet grass at the corner of the front yard where he had turned into, as he was trying to escape.  As the "first deputy constable" was trying to arrest the "suspect", who was by this time on the ground face down and on his stomach trying to hide  both of his hands under his chest, in order to prevent the "first deputy constable from handcuffing him, Mr. Vasquez arrives at the scene to help the "first deputy constable".  Mr. Vasquez immediately gets on top of the "suspect" to control him and help the "first deputy constable" pull out the "suspect's" left hand that the "suspect" was hiding under his chest. Seconds later, Rafael Vasquez, Jr., arrives to assist the "first deputy constable" and his father as they are attempting to arrest the "suspect" who was still hiding his hands under his chest.  When Rafael Vasquez, Jr., arrives at the scene, he immediately goes to the ground, face down, to help pull out the suspects right hand. Mrs. Vasquez

also arrives at the scene, notices that the "first deputy constable's" body cam had fallen off the "first deputy constable" so she picks it up and starts recording the arrest.

### Arrival of Second Deputy Constable

A few seconds later, a "second deputy constable", who was limping at the time, also, arrives at the scene. He is constable Jesse Estrada (hereinafter "second deputy constable"). The "second deputy constable" negligently and recklessly thinking that Mr. Vasquez was a suspect instead of a "good Samaritan", jumps on top of Mr. Vasquez's back and immediately, without asking anyone any questions, applies a "choke hold" to Mr. Vasquez's neck and throat and thus, not only causes compression to Mr. Vasquez's neck and throat but, also to Mr. Vasquez's chest. As Mr. Vasquez was fighting the choke hold, fighting to breath and fighting to communicate to the "second deputy constable" that he was helping and not hindering the arrest of the "suspect", he was finally able to mumble to the "second deputy constable", "I'm Buffalo", so when the "second deputy constable" recognizes Mr. Vasquez's voice, he releases the choke hold on Mr. Vasquez. Once the "second deputy constable" releases his choke hold on Mr. Vasquez, Mr. Vasquez, struggles to get up off the ground trying to stand up and when he does stand up, he starts walking towards the house with an unsteady balance, confused and struggling to breath. Mr. Vasquez then sits on the house's open front porch and a few seconds later collapses and falls to the ground having difficulty breathing.

### Arrival of Port Isabel Police Department and Threat of Tasing

Shortly after the arrest of the suspect and after the collapsing of Mr. Vasquez to the ground, Mrs. Vasquez and her son, Rafael Vasquez, Jr. tried to administer first aid to Mr. Vasquez, but, Rene Camacho a police officer from the Port Isabel Police Department, who had arrived shortly, after the arrest of the "suspect", prevented both of them from performing the much needed first aid on Mr. Vasquez. In fact, both Mrs. Vasquez and Rafael, Jr. were threatened by the Port Isabel Police Officer with tasing if they attempted to administer first aid to Mr. Vasquez.

### No First Aid Administered to Mr. Rafael Vasquez, Sr.

Neither of the two deputy constables or, the one Port Isabel police officer at the scene offered Mr. Vasquez any first aid as he lied on the ground struggling to breath other than to call

an ambulance that arrived several minutes later to transport Mr. Vasquez to a hospital where he later died at 4:23 a.m., on December 8, 2019.

### Plaintiff's Contentions

The Plaintiffs contend, that Mr. Vasquez's death was caused directly by one of the following acts and / or omissions or, by a combination thereof by the Cameron County Precinct 1, deputy constables and the Port Isabel police officer present at the scene.

1. the second deputy constable negligently and recklessly jumping on Mr. Vasquez's back and applying a choke hold to Mr. Vasquez's neck and throat thereby not only causing compression to Mr. Vasquez's neck and throat but also to his chest. *(Please see Plaintiff's Exhibit No.1 / a copy of article titled "Death from Choke Holds", dated Thursday, January 17, 2019 that explains the dangers of choke holds and carotid holds / attached hereto and incorporated for any and all purposes),* and / or in conjunction with,

2. the "first deputy constable's failure to warn the "second deputy constable", that Mr. Vasquez was helping with the arrest of the suspect and not hindering it, and / or in conjunction with,

3. that the *use of excessive force* when negligently and recklessly applying the choke hold on Mr. Vasquez's neck and throat by the second deputy constable caused his death or, aggravated a pre-existing health condition(s) that Mr. Vasquez may have had which ultimately caused his death, and / or in conjunction with,

4. the fact that neither the Port Isabel police officer or, the Cameron County Precinct 1, deputy constables present at the scene, administered any first aid to Mr. Vasquez as he was lying on the ground struggling to breath waiting for the ambulance to arrive, and / or in conjunction with, *(Please see Plaintiff's Exhibit No. 2 / a copy of an article from Medline Plus that describes the first aid to be rendered to someone who is having Breathing Difficulties / attached hereto and incorporated for any and all purposes).*

5. The fact that the Port Isabel police officer present at the scene threatened Mrs. Vasquez and Rafael Vasquez, Jr. with the use of a stun gun when they tried to administer first aid

to Mr. Vasquez thereby, denying Mr. Vasquez of the much needed first aid.

## VII.   FIRST CAUSE OF ACTION
### (Title 42 U.S.C. Section 1983 of the Civil Rights Act of 1871)

Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

Defendants' negligent and reckless use of *excessive force,* under the color of law, caused the wrongful death of Plaintiffs' family member and therefore, Defendants are liable to Plaintiffs under Title 42 U.S.C. Section 1983 of the Civil Rights Act of 1871, because a law enforcement officer working under the same or similar circumstances would not have used the amount of force in question,

Defendants' negligent and reckless use of *excessive force*, under the color of law deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendment of the United States Constitution.

Defendants' negligent and reckless use of *excessive force,* under the color of law, deprived Plaintiffs of their right to due process of law, under the Fourth, Fifth and Fourteenth Amendment of the United States Constitution and Title 42 U.S.C. 1983 of the Civil Rights Act of 1871.

Plaintiffs have been damaged as a result of Defendants negligent and reckless conduct.

## VIII.   SECOND CAUSE OF ACTION

### (NEGLIGENCE OF, PETE DELGADILLO, JESSE ESTRADA, ROBERT LOPEZ AND AND TWO CAMERON COUNTY PRECINCT 1 "DEPUTY CONSTABLES" AND PORT ISABEL POLICE CHIEF, ROBERT LOPEZ)

Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

The Cameron County Precinct 1 deputy constables and the Port Isabel police officers who were present at the scene, were performing their duties during the course and scope of their employment, breached their duty of care by failing to conform to a certain standard of conduct when arresting the suspect.

Moreover, Plaintiffs contend that said breach of duty of care was the proximate cause of Mr. Vasquez's death. Both the constables office and the Port Isabel Police Department had a duty to exercise reasonable care in hiring, training, supervising and educating its law enforcement officers in the use of choke holds and administering first aid to someone who is having breathing difficulties and how to distinguish someone who is assisting as law enforcement officer with an arrest as oppose to someone is not. Furthermore, both law enforcement offices failed to ensure that their respective officers had the necessary training, understanding and skills one would expect from someone hired as a law enforcement officer.

Both law enforcement offices reckless conduct was a breach of duty and the proximate cause of the injuries sustained by Plaintiffs.

Plaintiff's assert the following acts of negligence and carelessness, failed in measuring up to the requisite standard of due care that is originally exercised by other members of law enforcement under the same or similar circumstances, to wit:

a. By failing to recognize the dangers of an ordinary citizen assisting in an arrest.
b. By failing to recognize the dangers of *using excessive force* when implementing a choke hold on a person like Mr. Vasquez.
c. By failing to warn the "second deputy constable" that Mr. Vasquez was helping with the arrest of the suspect, not hindering it.
d. By failing to administer first aid to Mr. Vasquez
e. By failing to allow Mrs. Vasquez to administer first aid to Mr. Vasquez.
f. By failing to allow Rafael Vasquez, Jr. to administer first aid to his father, Rafael Vasquez, Sr.
g. By failing to properly train its law enforcement officers on how to administer first aid to

someone having breathing difficulties.

h. By failing to properly train its law enforcement officers on how to conduct an arrest.

## IX. THIRD CAUSE OF ACTION
### (RES IPSA LOQUITOR)

Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

Rafael Vasquez, Sr. would be alive today if the Cameron County Precinct 1 deputy constables and the Port Isabel police officers had been adequately trained and supervised by their respective employers. The Cameron County Precinct 1 deputy constable's office and the Port Isabel Police Department had notice that its constables and police officers lacked the knowledge of the standards and requirements for their work and that they posed a risk or danger to others, yet they failed to take steps to limit these risks. Liability is imputed upon the Cameron County Constable's Office, Precinct, and the Port Isabel Police Department under the doctrine of res ipsa loquitor because the incident could not have happened in the absence of their law enforcement officers and their negligence.

## X. FOURTH CAUSE OF ACTION
### (NEGLIGENT HIRING AND RETENTION)

Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

Defendant, Cameron County Constable, Precinct 1, Pete Delgadillo's office and Police Chief, Robert Lopez for the City of Port Isabel Police Department, in their respective capacity as law enforcement officers and individually, owed a duty of care to Plaintiffs to have prevented the wrongful death of Plaintiffs' family member, Rafael Vasquez by hiring competent law enforcement officers.

Defendant, Cameron County Constable, Precinct 1, Pete Delgadillo's office and Police Chief

Robert Lopez for the City of Port Isabel Police Department, in their respective capacity as law enforcement officers and individually, should have known that the defendant officers at the scene, were incompetent and unfit for their positions.

Defendant, Cameron County Constable, Precinct 1, Pete Delgadillo's office and Police Chief Robert Lopez, for the City of Port Isabel Police Department, in their respective individual capacities, should have known through the exercise of reasonable diligence that the officer defendants, present at the scene, were potentially dangerous to serve as law enforcement officers in that they needed more training and supervision.

Defendant, Pete Delgadillo's office and Police Chief Robert Lopez, in their respective individual capacity, were negligent in the hiring and retaining of the officer defendants at the scene.

## XI.  FIFTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

Plaintiffs plead the doctrine of Respondent Superior. This doctrine makes an employer liable for the tortious conduct of his employee when the tortious conduct takes place within the scope of the employee's employment, whether the tortious conduct of the employee was accidental or reckless.

The defendants present at the scene made the basis of this suit, were acting under the color of law and within the scope of their employment.

As a result of the tortious conduct upon Plaintiffs, by the Defendants, at the scene and whose tortious conduct occurred under the color of law, Plaintiffs, hold Defendants Pete Delgadillo and Robert Lopez responsible individually for damages.

## XII.   GROSS NEGLIGENCE

Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the

same as if set forth herein verbatim.

Furthermore, Defendants acts of gross negligence were so outrageous that they acted with malice or a reckless indifference to the Plaintiffs' federally protected rights and therefore, their actions constituted gross negligence.

The Defendants actions were more than simple inadvertence. The Defendants' actions on the day in question, demonstrated a conscious indifference and a reckless disregard for the rights and safety of Rafael Vasquez, Sr., constituting aggravated circumstances, and therefore, the imposition of exemplary damages is appropriate under 42 U.S.C. 1983. *Smith v. Wade 461 U.S. 30 (1983)*

Exemplary damages are also appropriate under the Texas Civil Practice and Remedies Code, section 71.009 and 71.021 by the heirs of Rafael Vasquez, Sr. and as part of the survival action brought by the Estate of Rafael Vasquez, Sr. because Rafael Vasquez, Sr. had he lived would have been able to recover exemplary damages.

### XIII. PRESERVING EVIDENCE

Plaintiffs have requested and demanded and hereby continue to request and demand that the Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotape, surveillance or security tapes or information, text messages, emails, voice mails, facsimilies, investigative reports and any other information related to the incident in question be preserved for review. Failure to maintain such items will constitute "spoliation" of the evidence.

### XIV. REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure, Rule 194, Defendants are requested to disclose the information and material described in Rule 194.2 within 50 days of the service of this request.

## XV. DISCOVERY REQUESTS

Plaintiffs serve on Defendants the attached discovery requests in accordance with the Texas Rule of Civil Procedure 196. Defendants have 50 days from the date of service to respond to these requests.

## XVI. CONDITION PRECEDENT / NOTICE OF CLAIM

All conditions precedent have been performed or have occurred, notice has been given to Defendants pursuant to law. On January 28, 2019, a notice claim letter was mailed to Defendants even though the notice of claim requirement under Section 101.101 of the Texas Torts Claims Act states that if the governmental unit has actual notice of the incident in question, a notice of claim is not required.

## XVII. DAMAGES

Mr. Vasquez, Sr.'s wife and children have been made to suffer pecuniary damages, mental anguish, loss of society and companionship, loss of spousal consortium, loss of parental consortium, loss of filial consortium, emotional/mental trauma resulting from cotemporaneous perception of the death of a loved one, and loss of inheritance.

Mr. Vasquez Sr.'s estate has suffered damages such as funeral and burial expenses, the decedent's conscious pain and suffering and exemplary damages.

## XVIII. PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants jointly, severally, for all the damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post judgment interest at the minimum rate allowed by law, costs of court, and such other relief to which the Plaintiffs may be entitled at law or equity, whether

pled or unpled.

                                                  Respectfully submitted,

                                                  Jesse Contreras Law Firm
                                                  5400 South Jackson Road
                                                  Edinburg, Texas 78539
                                                  Tel: (956) 502-5777
                                                  Fax: (956) 307-5058

                                     By: /s/ *Jesus "Jesse" Contreras*
                                                  Jesus "Jesse" Contreras
                                                  State Bar No. 00793142
                                                  Federal Adm. No. 20907
                                                  jessecontreraslaw@gmail.com
                                                  **ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

     I herby certify that a true and correct copy of the above and foregoing Plaintiffs' Third Amended Complaint will on this the 28th day of April, 2020, be automatically accomplished through the Notice of Electronic Filing upon the following:

   J. Arnold Aguilar, Attorney-in-Charge
  Aguilar * Zabarte, LLC
  State Bar No. 00936270
  Federal Adm. No. 6822

  Aguilar * Zabarte, LLC
  990 Marine Drive
  Brownsville, Texas 78520
  (956) 504-1100
  (956) 504-1408 (fax)
  Email:  arnold@aguilarzabartellc.com
  ***Attorneys for Defendant Robert Lopez***

  Juan A. Gonzalez, Attorney-in-Charge
  State Bar No. 08129310
  Southern District No. 3472

  Commissioner's Court – Civil Legal Division
  1100 East Monroe Street
  Brownsville, Texas 78520
  (956) 550-1345

(956) 550-1348 (fax)
Email:  juan.gonzalez@co.cameon.tx.us
*Attorneys for Defendant Pete Delgadillo and Jesse Estrada*